## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION

**CIVIL ACTION NO. 1:11-CV-00050-JHM**

**TRINITY CONTRACTING OF**
**BOWLING GREEN, LLC**                                                    **PLAINTIFF**

**V.**

**WESTFIELD INSURANCE COMPANY**                                **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Trinity Contracting of Bowling Green, LLC's

Motion to Alter or Amend Judgment [DN 27].  Fully briefed, this matter is ripe for decision.

### I. BACKGROUND

Plaintiff Trinity Contracting is a general contractor who bid on, and was subsequently

awarded, a contract to complete a water line project for the North Logan Water District in

Russellville, Kentucky (the "Project").  (Pl.'s Mot. for Summ. J., Ex. 1, Cates Aff. ¶ 4.)   In

connection with this contract, Plaintiff was required to provide a payment and performance bond on

the Project as well as to secure a general liability insurance policy for the Project.  (Id. at ¶¶ 4-5.)

Defendant Westfield Insurance Company issued a commercial package policy, numbered

TRA4370130 (the "Policy"), to Plaintiff with effective dates of June 30, 2008 to June 30, 2009.  (Id.

at ¶ 6.)

After winning the contract, Plaintiff retained Wrenn Excavating as a subcontractor to

perform the actual work on the Project.  (Def.'s Mem. in Supp. of Mot. Summ. J. 2.)  The necessary

materials for the Project were purchased and paid for by Plaintiff and then delivered to a staging area

near the Project work site.  (Cates Aff. ¶ 8.) Once delivered, the materials were inventoried and

Plaintiff was reimbursed for the cost of the materials by North Logan Water District.[1]  (Id. at ¶ 9.)
While Wrenn was hired to perform the work on the water line, Plaintiff retained "exclusive access
and control of the Project site including the staging area" during the entire contract performance.
(Id. at ¶ 10.)

Around May 2009, Plaintiff became unsatisfied with its subcontractor and dismissed Wrenn,
choosing to finish the remaining work on the Project itself.  Once Plaintiff began to finish the
remaining work, it discovered that many of the materials it had purchased and inventoried at the
storage site were missing.  (Id. at ¶ 12.)  After making this discovery, Plaintiff conducted an
inventory of its remaining materials and compiled a list of the missing items.  (Id.)  The total cost
of the missing materials was $19,408.28.  (Id.)  Thereafter, Plaintiff filed a report with the Logan
County Sheriff's Office for the theft of the materials.  (Id. at ¶ 15.)  It appears that the investigation
is ongoing but that there have been no arrests made.  (See Pl.'s Supp. Ex. C [DN 17], Logan County
Sheriff's Dept. Report 2-3.)

Following these actions, Plaintiff filed a claim with Defendant under the Policy for the cost
of the stolen materials.  Defendant denied the claim.  Plaintiff filed the instant suit alleging several
claims including breach of contract.  Thereafter, the Parties filed cross motions for partial summary
judgment seeking to have the breach of contract claim adjudicated.  On January 17, 2012, the Court
entered a Memorandum, Opinion and Order granting Defendant's motion for summary judgment
and denying Plaintiff's motion for summary judgment.  (See Memorandum, Opinion and Order
dated Jan. 17, 2012 [DN 25].)

---

[1] Under the Project contract, ownership and title to the materials did not transfer to North
Logan Water District until the materials were installed and accepted by North Logan Water
District.  (Cates Aff. ¶ 11.)

In its Memorandum, Opinion and Order, the Court found that Plaintiff's claim was governed by the Property Off-Premises provision found in Coverage Form A(5)(d)(a).  (Id. at 5.)  This provision "extends coverage to Plaintiff's 'Covered Property while it is away from the described premises, if it is: [t]emporarily at a location [Plaintiff] do[es] not own, lease or operate.'"  (Id. (quoting Coverage Form A(5)(d)(a)).)  The Court found that Plaintiff operated the Project site, the location from which the property at issue went missing.  Therefore, the Court found that Plaintiff could not recover under the Property Off-Premises provision.

Plaintiff has filed this motion to alter or amend contending that the Court should reconsider its earlier Memorandum, Opinion and Order on the Grounds that Defendant waived the argument that Plaintiff operated the Project site, or in the alternative that Defendant should be estopped from advancing such an argument.  Lastly, Plaintiff contends that Defendant's varied stances demonstrate ambiguity in the insurance contract that should be construed in favor of the Plaintiff.

## II. STANDARD OF REVIEW

The Sixth Circuit recognizes that a district court may reconsider an interlocutory order[2] both under the common law and Federal Rule of Civil Procedure 54(b).  Rodriguez v. Tenn. Laborers Health & Welfare Fund, 89 Fed. Appx. 949, 959 (6th Cir. Feb. 6, 2004).  "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice."  Id. (citing Reich v. Hall Holding Co., 990 F. Supp. 955, 965 (N.D. Ohio 1998)).  See also

---

[2] Although Plaintiff moves for reconsideration under Rules 59, as there has been no judgment in this matter, i.e. "a decree [or] any order from which an appeal lies[,]" Fed. R. Civ. P. 54(a), the relief the plaintiff seeks is only available under Rule 54(b), see Edmonds v. Rees, 2008 WL 3820432, at *2 (W.D. Ky. Aug. 13, 2008) ("both Rule 59 and Rule 60 are only applicable to final orders or judgments.") (citation omitted).

United States v. Lexington-Fayette Urban Cnty. Gov't, 2008 WL 4490200, at *1 (E.D. Ky. Oct. 2, 2008); Edmonds, 2008 WL 3820432, at *

### III. DISCUSSION

Plaintiff has advanced both a waiver and an estoppel theory in its motion.  The Kentucky Supreme Court clarified the difference between the two theories in Edmondson v. Pa. Nat. Mut. Cas. Ins. Co., 781 S.W.2d 753 (Ky. 1989).

> "Although the terms are misused and interchanged, there truly is a clear distinction between them. Waiver is bottomed on a voluntary and intentional relinquishment of a known, existing right or power under the terms of an insurance contract. It is the expression of an intent not to insist upon what the law affords. The intention may be inferred from conduct and knowledge and may be actual or constructive, but both intent and knowledge are essential elements of waiver. . . .
>
> Estoppel gives no effect to a presumed intention, but defeats inequitable conduct. It offsets misleading conduct, acts, or representations which have induced a person entitled to rely thereon to change his position to his detriment."

Id. at 755 (quoting Long, The Law of Liability Insurance, Sec. 17.14).

Plaintiff first contends that Defendant has waived its right to deny coverage based upon the argument that Plaintiff operated the Project site.  In support of this argument, Plaintiff cites a letter issued by Defendant that states that coverage is being denied, in part, on the fact that the missing materials "were permanently at a location the insured did not own, lease or operate."  (Pl.'s Mot. to Alter or Amend, Ex. A, Letter dated Sept. 21, 2009.)[3]  The Court is unpersuaded that this language demonstrates a voluntary and intentional relinquishment of Defendant's right to deny coverage on the grounds that the location at issue was operated by Plaintiff.  A full reading of this letter reveals that Defendant included several provisions that it believed barred recovery under the Policy.  (See

---

[3] The Court notes that this letter was available at the time of Plaintiff's Motion for Summary Judgment was submitted to the Court for adjudication, but is being introduced into the record for the first time with the motion to alter or amend.

id.)  This demonstrates that Defendant was maintaining its right to argue in the alternative that different provisions barred recovery.

Furthermore, the lone letter submitted by Plaintiff in support of its Motion for Summary Judgment contained other grounds for denying Plaintiff's claim, but more importantly clearly stated that regardless of the positions raised by Defendant, that "Westfield Insurance Company reserves the right to raise additional defenses at a later time."  (See Pl.'s Mot. for Summ. J., Ex. 2, Letter dated Oct., 2, 2009). Plaintiff has produced no evidence that Defendant voluntarily and intentionally relinquished its right to argue that Plaintiff operated the location in question.  Accordingly, Plaintiff's motion to alter or amend based upon Defendant's waiver is **DENIED**.

Plaintiff next argues that Defendant should be estopped from arguing that the location in question was operated by Plaintiff.  Plaintiff argues that Defendant should be stopped from taking different, inconsistent positions regarding the exact same language in the policy.  However, in order to succeed on a theory of estoppel, Plaintiff must demonstrate that Defendant induced it *to change its position* to its detriment.  Edmondson, 781 S.W.2d at 755.  Plaintiff has not demonstrated that Defendant induced Plaintiff to change any position.  It is not as if Plaintiff originally claimed that it did not operate the Project site, only to change its position based on Defendant's earlier denial of coverage.  Without such a showing, Plaintiff cannot succeed on a theory of estoppel.  Accordingly, Plaintiff's motion to alter or amend based upon estoppel is **DENIED**.

Lastly, Plaintiff contends that different interpretations of the Policy language demonstrates ambiguity in the policy.  The Court likewise finds this argument unavailing.  "The mere fact that [Plaintiff] attempts to muddy the water and create some question of interpretation does not necessarily create an ambiguity." Sutton v. Shelter Mut. Ins. Co., 971 S.W.2d 807, 808 (Ky. 1997).

The Court finds that the provision permitting recovery for property while it is away from the described premises only when it is "[t]emporarily at a location [Plaintiff] do[es] not own, lease or operate" is not ambiguous.  (Coverage Form A(5)(d)(a).)  Accordingly, Plaintiff's motion to alter or amend based upon ambiguity is **DENIED**.

**IV. CONCLUSION**

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff Trinity Contracting of Bowling Green, LLC's Motion to Alter or Amend Judgment [DN 27] **DENIED**.

cc: counsel of record